UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-371-2F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CURTIS BURSTON, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on motion [DE-165] by defendant Curtis Burston, Jr., purportedly under Rule 15, FED. R. CIV. P. and 28 U.S.C. § 1651, for relief from his sentence in light of recent changes in the law pertaining to the effect of North Carolina convictions on a federal defendants' statutory exposure. Specifically, Burston contends that the Supreme Court's opinion in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010), and the Fourth Circuit Court of Appeals' ruling in *United States v. Simmons*, 629 F.3d 237 (4th Cir. 2011), have the effect of eliminating a prior North Carolina conviction as the basis for enhancing his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851.

Burston is mistaken in his recollection of the sentence imposed on his 1995 conviction for possession with the intent to sell and deliver cocaine in Onslow County, North Carolina, Superior Court, No. 93-CRS-10682. According to his Presentence Report, Burston received a *three year* sentence on May 9, 1995, and was afforded credit for three days in pre-conviction confinement. He was paroled four months later, and parole was terminated on August 1, 1996. *See* PSR ¶ 31. Because his record included "a prior conviction for a felony drug offense" for which he received a sentence in excess of one year, Burston's federal sentence in this case was properly enhanced under 28 U.S.C. § 851. *See* [DE-30], Government's Notice of Intent to Seek an Enhanced Penalty Under 21 U.S.C. § 841(b)(1)(A).

For the foregoing reasons, therefore, Burston's Motion to Amend Judgment [DE-165] is DENIED.

SO ORDERED.

This, the 24th day of April, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge